SO ORDERED.

SIGNED this 30th day of October, 2012.





_____
Robert E. Nugent
United States Chief Bankruptcy Judge

OPINION DESIGNATED FOR ON-LINE PUBLICATION
BUT NOT FOR PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| JORDAN CURTIS WATSON, | ) | Case No. 10-13963 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| JORDAN CURTIS WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 11-5138 |
| | ) | |
| SALLIE MAE and EDUCATIONAL | ) | |
| CREDIT MANAGEMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION ON COMPLAINT
TO DETERMINE DISCHARGEABILITY OF DEBT

-1-

Someone who is presently unable to maintain a minimal standard of living while repaying a student loan, whose additional circumstances make it unlikely that he will be able to do so going forward, and who is proceeding in good faith may meet the undue hardship standard for discharging a student loan found in 11 U.S.C. § 523(a)(8). But if that someone is unable to make his loan payments because he is serving felony time in a federal penitentiary and cannot show the presence of "additional circumstances" that would prevent him earning enough to pay the debt for a long time after his release, his loan obligations cannot be excepted from discharge.

Jurisdiction

This is an adversary proceeding filed under Federal Rule of Bankruptcy Procedure 7001(6) and is a core proceeding of which this Court has jurisdiction.[1]

Findings of Fact

The Court makes the following findings of fact based upon the parties' stipulations.[2] The debtor, Jordan Watson, studied criminal justice at Washburn University from 2001 to 2005, earning 80 credits. To fund this pursuit, he took several Stafford student loans that he is now unable to repay. He paid $4,726.36 on the loans from January 29, 2007 to September 15, 2008. He owes $22,005.39 as of July 2, 2011.

In 2008, Watson was convicted for interstate travel with intent to engage in illicit sexual conduct and sentenced to 64 months in federal prison. Watson is currently incarcerated. His prison term expires November 11, 2013, but his projected statutory release date is March 5, 2013. During his incarceration, he had no significant income and no significant expenses. The

---

[1] 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(I) (core proceeding).

[2] Stipulated Facts, Doc. 36.

-2-

U.S. Bureau of Prisons supplies him with food, clothing, shelter, and medical care. He says that his employment prospects are grim because he lacks a college degree and, upon release, will be known as a convicted sex offender. He will be 30 years old upon release in March 2013.

He is eligible to have his student loans recast under the federal Income-based Repayment Program (IBRP). This program allows a student loan debtor to repay only up to 15% of the amount by which his income exceeds the federal poverty line over a period of up to 25 years. When the repayment period ends, the remaining balance is discharged by the government. At present, Watson's payments would be zero because his income is zero.

Discussion

Section 523(a)(8) excepts from discharge any student loan debt unless the debtor can show that being required to repay it would result in "undue hardship." The phrase "undue hardship" is not defined in the Code. In *Educational Credit Management Corp. v. Polleys*,[3] the Tenth Circuit adopted the well-known *Brunner* test for undue hardship, but added that courts have discretion to weigh all the relevant considerations so as to apply the *Brunner* test such that debtors who truly cannot afford to repay their loans may have their loans discharged.[4] The three-part Brunner test requires the debtor to prove (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made

---

[3] 356 F.3d 1302 (10th Cir. 2004).

[4] *Id.* at 1309.

good faith efforts to repay the loans.[5] A student loan debt is nondischargeable under § 523(a)(8) if the debtor fails to show any one prong of this test.[6] The debtor bears the burden to demonstrate undue hardship.[7]

The minimal standard of living prong requires analyzing the debtor's current financial situation.[8] "A minimal standard of living includes what is minimally necessary to see that the needs of the debtor and [his] dependents are met for care, including food, shelter, clothing, and medical treatment."[9] The Tenth Circuit charges courts to consider whether the debtor has demonstrated any reason why he is unable to earn sufficient income to maintain himself and dependants while repaying the student loan debt.[10]

Watson has not shown that, given his current income and expenses, he is unable to maintain a minimal standard of living while repaying the student loans. While he currently has no income, neither does he have actual living expenses. The U.S. Bureau of Prison supplies him with food, clothing, shelter, and medical care. Additionally, because his income is zero, his student loan repayments under the IBRP would be zero. Thus, while incarcerated, Watson

---

[5] *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2nd Cir. 1987).

[6] *Polleys*, 356 F.3d at 1307.

[7] *In re Woodcock*, 45 F.3d 363, 367 (10th Cir. 1995).

[8] *Alderete v. Educ. Credit Mgmt. Corp. (In re Alderete)*, 308 B.R. 495, 503 (10th Cir. BAP 2004).

[9] *Innes v. State of Kansas (In re Innes)*, 284 B.R. 496, 504 (D. Kan. 2002).

[10] *Polleys*, 356 F.3d at 1309-10.

-4-

maintains a minimal standard of living despite a lack of income.[11] Under these circumstances, Watson cannot meet the first prong of the *Brunner* test at this time.[12]

The additional circumstances prong requires determining if circumstances exist that indicate his current state of affairs is likely to persist for a significant portion of the repayment period of the student loans. The Tenth Circuit warned that courts need not require a "certainty of hopelessness," but should take "a realistic look into a debtor's circumstances and the debtor's ability to provide adequate shelter, nutrition, health care, and the like."[13] Moreover, courts should estimate "a debtor's prospects on specific articulable facts, not unfounded optimism," and limit the inquiry into future circumstances to the foreseeable future, at most over the term of the loan.[14] This prong does not require some horrific event or condition, but it does require "an inability to earn and not simply a reduced standard of living."[15]

Watson fails to meet the second prong of the *Brunner* test, too. Nothing in the record suggests that he will be somehow barred from working upon his release or that he is incapable of doing so. Realistically, a healthy thirty-year-old male with no dependents should be able to find

---

[11] *Hahaj v. United States Dep't of Educ.*, 2009 WL 5386132 at *4 (Bankr. D. Idaho Dec. 9, 2009) (". . . while incarcerated, Plaintiff is not prevented from maintaining an adequate, although fairly Spartan, standard of living, despite a lack of income.").

[12] *Looper v. United Sates Dep't of Educ.*, 2007 WL 1231700 at *6 (Bankr. E.D. Tenn. April 25, 2007) (inmate unable to satisfy first prong of the Brunner test because state of Tennessee furnished his basic living needs).

[13] *Polleys*, 356 F.3d at 1310.

[14] *Id.* (quoting Robert F. Salvin, *Student Loans, Bankruptcy, and the Fresh Start Policy: Must Debtors Be Impoverished to Discharge Educational Loans?*, 71 Tul. L.Rev. 139, 197 (1996)).

[15] *Id.* at 1306 (quoting *Cuenca v. Department of Education*, 1995 WL 499511, at *2 (10th Cir. Aug. 23, 1995)); *Alderete*, 308 B.R. at 504, 506.

some employment. While being a convicted sex offender may limit Watson's employment options, he brings no proof that this fact, standing alone, establishes that he will be unable to earn or that he will face prospective undue hardship. The fact that he is eligible to repay his student loans under the IBRP tempers any concerns based on his limited employment prospects. The facts and circumstances in the record do not support finding that he will be unable to make some payments on this debt. And, if his criminal record does limit his future career prospects, that is the unfortunate result of his own choices.

Finally, the good faith prong requires a court to consider whether the debtor is acting in good faith in seeking the discharge or whether he intentionally created his hardship. We do this by measuring his efforts to obtain employment, maximize income and minimize expenses.[16] Good faith exists when a debtor's unfortunate financial or personal circumstances are the results of factors beyond his or her reasonable control.[17]

Watson has made an effort to repay what amounts to a quarter of the original debt, even making two payments while in prison.[18] But, though he is eligible for highly favorable payment relief that could result in his partially discharging the debt after making more payments, he has not chosen to pursue that remedy. Instead, he opted to seek a discharge of his obligations in their entirety. This cuts against finding that he has proceeded in good faith. And, as noted above, his future employment limitations are the direct result of his conduct, not factors beyond his reasonable control. And, even if he met the good faith test here, he failed to meet the other two

---

[16] *Buckland v. Educ. Credit Mgmt. Corp. (In re Buckland)*, 424 B.R. 883, 892-93 (Bankr. D. Kan. 2010) (Karlin, J.).

[17] *Polleys*, 356 F.3d at 1311-12.

[18] Stipulation, Ex. B, Doc. 36-4 at 10.

-6-

Case 11-05138   Doc# 39   Filed 10/30/12   Page 6 of 7

prongs of the *Brunner* test, thus his complaint must fail.

Conclusion

Because Watson fails to meet all three prongs of the *Brunner* test, he has failed to show that repayment will work an undue hardship on him and his student loan obligations cannot be discharged. Judgment should therefore be entered for defendants on the complaint. A separate Judgment on Decision will issue this day.

# # #

-7-